**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN BARGER,**<br>**2206 Oak St**<br>**Saint Joseph, MO 64503**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**AMAZON LOGISTICS, INC.**<br>**Registered Agent:**<br>**Corporation Service Company**<br>**1100 SW Wanamaker Rd., Suite 103**<br>**Topeka, KS 66604**<br><br>**and**<br><br>**SELECT FREIGHT LOGISTICS, LLC**<br>**Registered Agent:**<br>**Frederick Frisbie**<br>**915 River Bend Drive**<br>**Burgaw, NC 28425**<br><br>**and**<br><br>**ANDERSON FIDEL VANEGAS,**<br>**2551 W. 92nd Ave, Lot 27**<br>**Denver, CO 80260**<br><br>**and**<br><br>**ALEXANDER MARVIN TREJO**<br>**1563 S. Tuscon St.**<br>**Aurora, CO80012**<br><br>**and**<br><br>**SHELTER MUTUAL INSURANCE**<br>**COMPANY**<br>**Serve: Angela Nelson, Director**<br>**Missouri Department of Commerce and**<br>**Insurance**<br>**301 W. High St., Room 530**<br>**Jefferson City, MO 65101** | )<br>)<br>)<br>)<br>) **Civil Case No.**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

|  | ) |
| --- | --- |
| **and** | ) |
|  | ) |
| **MADISON MUTUAL INSURANCE** | ) |
| **COMPANY** | ) |
| **Serve: Angela Nelson, Director** | ) |
| **Missouri Department of Commerce and** | ) |
| **Insurance** | ) |
| **301 W. High St., Room 530** | ) |
| **Jefferson City, MO 65101** | ) |
|  | ) |
| **Defendants.** | ) |

## COMPLAINT

**COMES NOW** Plaintiff John Barger, by and through his attorneys, and for his Complaint for Damages against Defendants Amazon, Anderson Fidel Vanegas, and Alexander Marvin Trejo states and alleges the following:

## Parties and Jurisdiction

1. This cause of action occurred in Wabuansee County, Kansas.

2. Plaintiff John Barger is an individual residing and domiciled in St. Joseph, Missouri.

3. Defendant Amazon Logistics, Inc. is a Delaware corporation registered to do business in the State of Kansas and can be served via the registered agent identified in the caption above.

4. Defendant Select Freight Logistics, LLC is a North Carolina corporation and can be served through the registered agent identified in the caption above.

5. Defendant Select Feight Logistics, LLC has a single member—Frederick Frisbie. Frederick Frisbie is a citizen of, and domiciled in, North Carolina.

6. Defendant Anderson Fidel Vanegas is an individual residing and domiciled in Colorado.

2

7. Defendant Alexander Marvin Trejo is an individual residing and domiciled in Colorado.

8. Defendant Shelter Mutual Insurance Company is a Missouri Insurance Company licensed to do business in the State of Missouri.

9. Defendant Madison Mutual Insurance Company is an Illinois Insurance Company licensed to do business in the State of Missouri.

10. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**Defendants' Joint Venture & Respondeat Superior**

11. On December 5, 2024, Defendant Vanegas was operating a white 2012 Volvo truck-tractor with an attached trailer bearing the Amazon Prime logo.

12. Defendant Trejo was the owner of the white 2012 Volvo tractor trailer.

13. At all times relevant to this Complaint, the 2012 Volvo tractor trailer was unregistered.

14. The white 2012 Volvo tractor trailer did not have a carrier name or Department of Transportation (DOT) displayed on the exterior of either side of the vehicle.

15. At all times relevant to this Complaint, the 2012 Volvo tractor trailer had inoperable turn signals on both the driver's side front and passenger's side front.

16. At all times relevant to this Complaint, the 2012 Volvo tractor trailer had an inoperative windshield washing system.

17. At all times relevant to this Complaint, the 2012 Volvo tractor trailer was not equipped with an operable airbrake system.

18. At all times relevant to this Complaint, the 2012 Volvo tractor trailer had multiple tires with less an 2/32 inch tread depth.

19.    At all times relevant to this Complaint, the white 2012 Volvo tractor trailer and attached trailer were in use to advance the business interests of all Defendants.

20.    At all times relevant to this Complaint, the 2012 White Volvo tractor trailer and attached trailer were in use to advance the business interests of Defendant Select Freight Logistics, LLC.

21.    The electronic bill of lading for the trip Defendant Vanegas was undertaking states that Select Freight Logistics, LLC was the carrier.

22.    The electronic bill of lading for the trip Defendant Vanegas was undertaking states that Select Freight Logistics, LLC was the shipper.

23.    At all times relevant to this action, including on December 5, 2024, Defendant Alexander Fidel Vanegas was an employee of and/or an agent of Defendant Select Freight Logistics, LLC; Defendant Amazon Logistics, Inc. (Amazon); and Defendant Alexander Marvin Trejo and was either acting within the course and scope of his employment or agency or acting to advance the business interests of Defendants Select Freight Logistics, LLC; Amazon; and Alexander Marvin Trejo.

24.    Under information and belief, at all times relevant to this acting, Defendant Vanegas was engaged in joint venture or joint enterprise with Defendants Select Freight Logistics, LLC; Defendant Amazon Logistics, Inc.; and Defendant Trejo.

25.    Upon information and belief, Defendants (all) had an agreement to transport the Amazon Prime logo trailer from Colorado Springs, Colorado to Channahon, Illinois.

26.    Upon information and belief, Defendants (all)  had a common purpose which Defendant Vanegas was engaged in through his operation of the 2012 Volvo and attached trailer at the time of the collision.

4

27.    At the time of the collision, Defendants (all) had a right to control the 2012 Volvo tractor trailer and/or attached trailer for the trip Defendant Vanegas was undertaking at the time of the collision.

28.    At all times relevant to this Complaint, Defendant Vanegas did not have a record of duty status.

29.    At all times relevant to this Complaint, Defendant Vanegas was not sufficiently fluent in English to converse with the general public, or understand highway traffic signals or signs in English.

**The Collision**

30.    On December 5, 2024, Plaintiff was operating a 2013 White Dodge Ram northbound on 99 Highway in Wabuansee County, Kansas.

31.    The exit ramp of I-70 where Plaintiff exited to begin travelling northbound on 99 Highway is approximately 200 feet from the Plaza of the Flint Hills exit.

32.    The exit ramp of I-70 is a controlled exit with flashing stop signs that would require Plaintiff to slow and stop.

33.    Plaintiff obeyed the flashing stop signs.

34.    Following Plaintiff's exit and before the collision, Plaintiff also had to navigate traffic control cones, which further restricted Plaintiff's speed.

35.    Defendant Vanegas pulled out from the Plaza of the Flint Hills and caused a collision between the 2013 Dodge Ram and the 2012 Volvo tractor trailer with the attached Amazon Prime trailer.

36.    The Kansas State Highway Patrol concluded that based on the vehicle size of Plaintiff's vehicle and attached trailer, and the distance from the exit ramp to the area of the

crash, Plaintiff's speed was not a contributing factor to the collision.

37.     Defendant Vanegas failed to exercise ordinary care in his operation of the 2012 Volvo in one or more of the following ways:

a.  Defendant Vanegas was not sufficiently fluent in English to converse with the general public or understand highway traffic signs and signals in English;

b.  The 2012 Volvo tractor trailer driver's side front turn signal was inoperable;

c.  The 2012 Volvo tractor trailer passenger's side front turn signal was inoperable;

d.  Defendant failed to yield to the right of way;

e.  Defendant failed to keep a careful lookout; and

f.  Defendant failed to brake, swerve, or slacken speed after the impending collision became apparent; and Defendant was thereby negligent.

## COUNT I – Negligence

**Plaintiff v. Defendants Amazon Logistics, Inc.; Select Freight Logistics, LLC; Anderson Vanegas; and Alexander Trejo**

38.     Plaintiff incorporates the allegations stated in paragraphs one (1) through thirty-seven (37) as if fully stated here.

39.     As a direct and proximate result of the collision which was caused by the negligent acts and/or omissions of Defendant as fully set forth above Plaintiff John Barger has suffered the following progressive and disabling injuries: bulging disc at C5-6; C5-6 foraminal stenosis; cervical radiculopathy; left shoulder strain; pain and anguish; and he has incurred and will incur substantial expense for medical treatment, all to his detriment in an amount in excess of seventy-five thousand dollars.

WHEREFORE, Plaintiff John Barger prays for judgment against Defendants Amazon Logistics, Inc.; Select Freight Logistics, LLC; Anderson Fidel Vanegas: and Alexander Marvin

Trejo, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and for his costs and expenses incurred herein, and for such further relief as this Honorable Court deems just and proper.

**<u>COUNT II – Negligent Hiring, Training and Entrustment</u>**
**Plaintiff v. Defendant Amazon Logistics, Inc.**

40.    Plaintiff incorporates the allegations in paragraphs one (1) through thirty-seven (37).

41.    At all times relevant to this Complaint, the 2012 Volvo tractor trailer was not safe for interstate travel under the regulations and requirements of the Federal Motor Carrier Safety Regulations.

42.    At all times relevant to this Complaint, Defendant Vanegas was not sufficiently fluent in English to meet the requirements of the Federal Motor Carrier Safety Regulations and federal law.

43.    At all times relevant to this Complaint, the 2012 Volvo tractor trailer was not registered.

44.    At all times relevant to this Complaint, the 2012 Volvo tractor trailer did not have a DOT number or carrier name.

45.    Defendant Amazon Logistics, Inc. knew or should have known the 2012 Volvo tractor trailer was not safe for transport of the Amazon Prime logo trailer.

46.    Defendant Amazon Logistics, Inc. knew or should have down Defendant Vanegas was not qualified to operate the 2012 Volvo tractor trailer and attached trailer to interstate travel pursuant to the Federal Motor Carrier Safety Regulations and federal law.

47.    As a direct and proximate result of the collision which was caused by the negligent acts and/or omissions of Defendant Amazon Logistics, Inc. as fully set forth above

Plaintiff John Barger has suffered the following progressive and disabling injuries: bulging disc at C5-6; C5-6 foraminal stenosis; cervical radiculopathy; left shoulder strain; pain and anguish; and he has incurred and will incur substantial expense for medical treatment, all to his detriment in an amount in excess of seventy-five thousand dollars.

48.     WHEREFORE, Plaintiff John Barger prays for judgment against Defendant Amazon Logistics, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and for his costs and expenses incurred.

### Count III - Negligent Hiring, Training and Entrustment
### Plaintiff v. Defendant Select Freight Logistics, LLC

49.     Plaintiff incorporates the allegations in paragraphs one (1) through thirty-seven (37).

50.     At all times relevant to this Complaint, the 2012 Volvo tractor trailer was not safe for interstate travel under the regulations and requirements of the Federal Motor Carrier Safety Regulations.

51.     At all times relevant to this Complaint, Defendant Vanegas was not sufficiently fluent in English to meet the requirements of the Federal Motor Carrier Safety Regulations and federal law.

52.     At all times relevant to this Complaint, the 2012 Volvo tractor trailer was not registered.

53.     At all times relevant to this Complaint, the 2012 Volvo tractor trailer did not have a DOT number or carrier name.

54.     Defendant Select Freight Logistics, LLC knew or should have known the 2012 Volvo tractor trailer was not safe for transport of the Amazon Prime logo trailer.

55.     Defendant Select Freight Logistics, LLC knew or should have down Defendant

Vanegas was not qualified to operate the 2012 Volvo tractor trailer and attached trailer to interstate travel pursuant to the Federal Motor Carrier Safety Regulations and federal law.

56.     As a direct and proximate result of the collision which was caused by the negligent acts and/or omissions of Defendant Select Freight Logistics, LLC as fully set forth above Plaintiff John Barger has suffered the following progressive and disabling injuries: bulging disc at C5-6; C5-6 foraminal stenosis; cervical radiculopathy; left shoulder strain; pain and anguish; and he has incurred and will incur substantial expense for medical treatment, all to his detriment in an amount in excess of seventy-five thousand dollars.

57.     WHEREFORE, Plaintiff John Barger prays for judgment against Defendant Select Freight Logistics, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and for his costs and expenses incurred

### COUNT IV - Uninsured Motorist
**Plaintiff v. Defendants Shelter Mutual Insurance Company and Madison Mutual Insurance Company**

58.     The motor vehicle collision that is the subject of this action was investigated by or responded to by the Kansas State Highway Patrol.

59.     Defendant Vanegas failed to provide any proof of insurance for the 2012 Volvo tractor trailer or attached trailer to the Kansas State Highway Patrol.

60.     At the time of the collision, the 2012 Volvo tractor trailer did not display front registration.

61.     At the time of the collision, the 2012 Volvo tractor trailer did not display any DOT numbers or company identifiers.

62.     At the time of the collision, the 2012 Volvo tractor trailer had not been registered in any state.

9

63.     Upon information and belief, at the time of the collision, the 2012 Volvo tractor trailer was uninsured and Defendant Vanegas was an uninsured motorist.

64.     At the time of the collision, the 2013 White Dodge Ram operated by Plaintiff was insured by Defendant Shelter Mutual Insurance Company under policy number 24-1-1-714463-5.

65.     Shelter Mutual Insurance Company policy 24-1-1-714463-5 includes uninsured motorist coverage.

66.     The Shelter Mutual Insurance Company provides uninsured motorist coverage to Plaintiff for the injuries he sustained in the motor vehicle collision described in this action.

67.     At the time of the collision, Plaintiff carried insurance from Madison Mutual Insurance Company, under policy number PA00071064.

68.     Madison Mutual Insurance Company policy number PA00071064 includes uninsured motorist coverage.

69.     The Madison Mutual Insurance Company provides uninsured motorist coverage to Plaintiff for the injuries he sustained in the motor vehicle collision described in this action.

70.     As a direct and proximate result of the collision which was caused by the negligent acts and/or omissions of an uninsured motorist, as fully set forth above, Plaintiff John Barger has suffered the following progressive and disabling injuries: bulging disc at C5-6; C5-6 foraminal stenosis; cervical radiculopathy; left shoulder strain; pain and anguish; and he has incurred and will incur substantial expense for medical treatment, all to his detriment in an amount in excess of seventy-five thousand dollars.

WHEREFORE, Plaintiff John Barger prays for judgment against Defendants Shelter Mutual Insurance Company and Madison Mutual Insurance Company in an amount in excess of

10

Seventy-Five Thousand Dollars ($75,000.00) and for his costs and expenses incurred herein, and for such further relief as this Honorable Court deems just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands on a jury trial on all issues.

Respectfully submitted,

*/s/ James Montee*
James Montee, KS #19966
Amanda J. Blackwood, KS #29077
MONTEE LAW FIRM, P.C.
P.O. Box 127
St. Joseph, MO 64502
(816) 364-1650
(816) 364-1509 (fax)
monteelaw@outlook.com
*Counsel for Plaintiff John Barger*